IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

JACKLIN ROMEO, SUSAN S. RINE,
and DEBRA SNYDER MILLER, individually
and on behalf of others similarly situated,

      Plaintiffs,

v.

ANTERO RESOURCES CORPORATION.

      Defendant.

ELECTRONICALLY FILED
May 15 2017
U.S. DISTRICT COURT
Northern District of WV

Civil Action No. 1:17-cv-88 (Keeley)
Judge _____

## CLASS ACTION COMPLAINT

Plaintiffs Jacklin Romeo, Susan S. Rine, and Deborah Snyder Miller ("Plaintiffs"), on behalf of themselves and the Class defined below, for their class action complaint against Defendant Antero Resources Corporation ("Antero"), allege:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this class action case pursuant to 28 U.S.C. § 1332(d)(2), because the dollar amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and because this is a class action in which one or more members of the proposed Class is a citizen of states other than Colorado and Delaware, which are the two states of citizenship for Defendant Antero.

2. This Court has personal jurisdiction over Antero because Antero has conducted substantial business activities in the state of West Virginia, and because the acts and conduct of Antero giving rise to the claims asserted in this class action Complaint occurred in the state of West Virginia.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this class action Complaint occurred in this judicial district.

## PARTIES

4. Plaintiff Jacklin Romeo is a citizen of the State of West Virginia, residing at 79 Whispering Pine Lane, Bridgeport, West Virginia 26330. Ms. Romeo has received royalty payments from Antero under a lease agreement covering lands located in the state of West Virginia.

5. Plaintiff Susan S. Rine is a citizen of the State of Florida, residing at 2117 Dormie Dr., San Antonio, Florida 33576. Ms. Rine has received royalty payments from Antero under a lease agreement covering lands located in the state of West Virginia.

6. Plaintiff Deborah Snyder Miller is a citizen of the State of Florida, residing at 10115 Deer Lane, New Port Richey, Florida 34654. Ms. Miller has received royalty payments from Antero under a lease agreement covering lands located in the state of West Virginia.

7. Defendant Antero is a Delaware corporation, with its principal place of business located at 1615 Wynkoop Street, Denver, Colorado 80202.

## CLASS DEFINITION

8. Plaintiffs bring this action on behalf of themselves and the Class of similarly situated persons and entities, pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

> Persons and entities, including their respective successors and assigns, to whom Antero has paid royalties or overriding royalties (collectively, "Royalties") on Natural Gas, including natural gas liquids, produced by Antero from wells located in West Virginia at any time since June 1, 2007, pursuant to leases or overriding royalty agreements ("Royalty Agreements") which do not expressly permit the deduction of costs ("post-production costs") incurred to market such gas after it is severed from the wellhead in the calculation of Royalties ("the Class").

The Class excludes: (1) agencies, departments, or instrumentalities of the United States of America; (2) publicly traded oil and gas exploration companies; (3) any person who is or has been a working interest owner in a well produced by Antero in West Virginia; and (4) Antero.

## CLASS ACTION ALLEGATIONS

9. Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

### A. NUMEROSITY – Federal Rule of Civil Procedure 23(a)(1)

10. The members of the Class are so numerous that separate joinder of each member of the Class is impractical. On information and belief, there are more than five hundred members of the defined Class, who reside in numerous states throughout the United States.

### B. COMMONALITY – Federal Rule of Civil Procedure 23(a)(2)

11. Common questions of law and fact exist as to the claims of the Plaintiffs and the defined Class. These common legal and factual questions include, without limitation, the following:

   a. Whether Antero has a duty under the Royalty Agreements to pay Royalties to Plaintiffs and the Class based upon prices received on the sale of marketable residue gas sold to third party purchasers?

   b. Whether Antero has breached its obligations under the Royalty Agreements by failing to pay royalties to Plaintiffs and the Class based upon the prices received on the sale of residue gas to third party purchasers?

   c. Whether Antero has a duty under the Royalty Agreements to pay Royalties to Plaintiffs and the Class based upon prices received on the sale of marketable natural gas liquids to third party purchasers?

   d. Whether Antero has breached its contractual obligations under the Royalty Agreements by failing to pay Royalties to Plaintiffs and the Class based upon prices received on the sale of marketable natural gas liquids to third party purchasers?

  e. Whether Antero has breached its obligations under the Royalty Agreements by deducting various post-production costs in the calculation and payment of Royalties to Plaintiffs and the Class?

### C. TYPICALITY – Federal Rule of Civil Procedure 23(a)(3)

12. Plaintiffs' claims are typical of the claims of the members of the Class.

### D. ADEQUACY OF REPRESENTATION – Federal Rule of Civil Procedure 23(a)(4)

13. The Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel who are experienced in prosecuting class action royalty underpayment lawsuits against natural gas producers.

### E. PREDOMINANCE AND SUPERIORITY – Federal Rule of Civil Procedure 23(b)(3)

14. The questions of law and fact which are common to the Class predominate over any individual questions which may exist.

15. A class action is superior to other available methods for the fair and efficient adjudication of the claims of the Class members against Antero.

### FACTUAL BACKGROUND SUPPORTING THE CLAIMS OF PLAINTIFFS AND THE CLASS

16. Plaintiffs and the Class are parties to Royalty Agreements under which Antero has paid Royalties to them on gas produced by Antero from wells located in West Virginia which are subject to the Royalty Agreements.

17. Antero is a lessee or overriding royalty payor, whether by succession or as the original party, under the Royalty Agreements, and has produced Natural Gas from wells subject to the Royalty Agreements, and paid royalties to the Plaintiffs and the members of the Class.

18. Each of the Plaintiffs is a lessor under a lease agreement under which Antero has acquired the interests of the lessee, and has paid royalties to each of the Plaintiffs at certain times after June 1, 2007.

19. Under each lease agreement between the Plaintiffs and Antero, the royalty provisions of the lease agreement do not expressly permit Antero to deduct post-production costs in the calculation and payment of royalties to the lessor. Under each such lease, Antero therefore has a duty to pay Royalties to the lessor based upon prices received for marketable residue gas and marketable natural gas liquids, at the point of sale, without deductions, in accordance with the Supreme Court of Appeals of West Virginia decisions in *Wellman v. Energy Resources, Inc.*, 557 S.E.2d 254 (W. Va. 2001) and *Estate of Tawney v. Columbia Natural Resources, L.L.C.*, 633 S.E.2d 22 (W. Va. 2006).

20. Under each of the Royalty Agreements, as described in the Class definition, the applicable royalty provisions do not expressly permit Antero to deduct post-production costs in the calculation and payment of Royalties. Under each of the Royalty Agreements, Antero therefore has a duty to pay Royalties based upon prices received for marketable residue gas and marketable natural gas liquid products, at the point of sale, without deductions, in accordance with the Supreme Court of Appeals of West Virginia decisions referenced above.

21. The gas produced by Antero from the wells subject to the Royalty Agreements is "wet gas", meaning that it is saturated with liquid hydrocarbons and water. The gas produced by Antero from the wells subject to the Royalty Agreements must be treated and processed to separate residue gas from hydrocarbon liquids and contaminants, such as carbon dioxide, in order to obtain marketable residue gas, which is then sold to third party purchasers.

22. The gas produced by Antero from the wells subject to the Royalty Agreements contains valuable liquid hydrocarbon components. In order to transform those liquid

hydrocarbons into marketable natural gas liquid products, the liquid hydrocarbons must be extracted from the raw gas stream at a processing plant, and thereafter fractionated into marketable natural gas liquid products at a fractionation facility, so that marketable ethane, butane, isobutane, propane and natural gasoline ("the marketable natural gas liquid products") can be sold to third party purchasers.

23. In its calculation and payment of Royalties paid to Plaintiffs and the Class, Antero has consistently underpaid the Royalties owed to Plaintiffs and the Class, by: (1) improperly deducting various post-production costs from the selling prices received on the sale of residue gas and marketable natural gas liquid products obtained from the wells at issue; and (2) by failing to pay Royalties based upon the selling prices received on the sale of residue gas and marketable natural gas liquid products, at the point of sale.

24. By underpaying the Royalties owed to Plaintiffs and the Class, in the manner described above, Antero has breached its contractual obligations to Plaintiffs and the Class under the Royalty Agreements.

25. As a result of Antero's breaches of its royalty payment obligations under the Royalty Agreements, Plaintiffs and the Class have sustained substantial damages.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

26. The allegations contained in Paragraphs 1 through 25, inclusive, are restated and incorporated by reference herein.

27. Antero has breached its obligations under the Royalty Agreements, in the manner described above.

28. Plaintiffs and the Class have sustained substantial damages as a direct result of Antero's breaches of its contractual obligations to Plaintiffs and the Class under the Royalty Agreements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. An Order granting Plaintiffs' request to certify this class action as a Fed. R. Civ. P. 23(b)(3) class action, appointing each of the Plaintiffs as the Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel for the Plaintiff Class;

B. A judgment in favor of the Plaintiffs and the Class against Antero for the damages sustained as a result of Antero's breaches of the Royalty Agreements, inclusive of an award of prejudgment interest on all royalty underpayments, pursuant to the applicable West Virginia law, such prejudgment interest to be calculated from the date of each royalty underpayment to the date of judgment;

C. An award of court costs; and

D. Such further relief as the Court deems just.

## **JURY DEMAND**

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED:  May 15, 2017            */s/ L. Lee Javins*_____

                L. Lee Javins II, Wv. Bar No. 6613
                Taylor M. Norman, Wv. Bar No. 13026
                Bailey, Javins & Carter, LC
                213 Hale Street
                Charleston, WV 25301
                (304) 345-0346
                Fax: (304) 345-0375
                Email: ljavins@bjc4u.com
                       tnorman@bjc4u.com

                Howard M. Persinger, III, Wv. Bar No. 6943
                Persinger & Persinger, L.C.
                237 Capitol Street
                Charleston, WV 25301
                (304) 346-9333
                Fax: (304) 346-9337
                Email: hmp3@persingerlaw.com

                and

                George A. Barton, Mo. Bar No. 26249
                Robert R. Titus, Mo. Bar No. 69588
                Law Offices of George A. Barton, P. C.
                7227 Metcalf Ave. Suite 301
                Overland Park, KS 66204
                (816) 300-6250
                Fax: (816) 300-6259
                Email: gab@georgebartonlaw.com
                       stacy@georgebartonlaw.com

                **ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**