# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

| | |
|---|---|
| JACKLIN ROMEO, SUSAN S. RINE, and DEBRA SNYDER MILLER, individually and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br> v. <br><br> ANTERO RESOURCES CORPORATION, <br><br> **Defendant.** | Civil Action No. 1:17-CV-88 <br> (JUDGE KEELEY) |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' RENEWED MOTION TO COMPEL (ECF No. 179)

This matter comes before the undersigned pursuant to a referral order (ECF No. 197) entered by Honorable Senior United States District Judge Irene M. Keeley. On May 13, 2020, District Judge Keeley entered an Order (ECF No.197) referring Plaintiffs' pending Amended Motion to Compel *Defendant to Produce Documents and Electronic Data* (ECF No. 179) for a hearing and disposition. Defendant filed a Response (ECF No. 200) to Plaintiffs' Motion on May 15, 2020. Plaintiffs filed a Reply (ECF No. 201) to Defendant's Response on May 21, 2020.

The undersigned held a Motion Hearing (ECF No. 209) in this matter on May 28, 2020. Upon the representations of Counsel of a desire to continue to confer regarding the royalties accounting data issue presented in Plaintiffs' Motion (ECF No. 179), the undersigned entered an Order (ECF No. 210) setting this matter for a follow-up Status Conference on May 28, 2020 and taking the remaining issues under advisement. The undersigned held a Status Conference on June 10, 2020 (ECF No. 214). Accordingly, for the reasons stated herein and, on the record, the

1

Plaintiffs' Motion (ECF No. 179) is **DENIED** as to the request for unredacted leases and documents/data reflecting names and addresses to the extent the same is sought of individuals who are not currently members of the certified Class and Plaintiffs' Motion (ECF No. 179) is further **DENIED AS MOOT** regarding the requested royalty accounting data.

## I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2020, Honorable Senior United States District Judge Irene M. Keeley entered a Memorandum Opinion and Order (ECF No. 152) in this matter. Importantly, District Judge Keeley granted the Motion for Class Certification and Certified the Class providing the following definition for the class:

> Persons and entities, including their respective successors and assigns, to whom Antero has paid royalties ("Royalties") on Natural Gas, including natural gas liquids, produced by Antero from wells located in West Virginia at any time since January 1, 2009, pursuant to Leases which contain either of the following gas royalty provisions: (a) [Lessee] covenants and agrees "to pay monthly Lessors' proportionate share of the one-eighth (1/8) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, said gas to be measured at a meter set on the farm"; or (b) "Lessee covenants and agrees to pay Lessor as royalty for the native gas from each and every well drilled on said premised producing native gas, as amount equal to one-eighth (1/8) of the gross proceeds received from the sale of the same at the prevailing price for gas sold at the well, for all native gas saved and marketed from the said premises, payable quarterly."
>
> The Class excludes: (1) agencies, departments, or instrumentalities of the United States of America; (2) publicly traded oil and gas exploration companies; (3) any person who is or has been a working interest owner in a well produced by Antero in West Virginia; and (4) Antero.

(ECF No. 152 at 42-43) (citing Dkt. No. 100-1 at 2-3).

Further, District Judge Keeley noted that the Court "excludes from this class any royalty interest owner who has never had their royalty payments reduced by Antero for their related share of post-production expenses." (ECF No. 152 at 43). The Court further excluded "any person

involved in related litigation, pursuing the same claim, against the same defendant, based on the same facts and circumstances." Id.

On April 27, 2020, Plaintiffs filed the Motion (ECF No. 179) that is the subject of this Opinion and Order. On May 12, 2020, following a Status Conference, District Judge Keeley entered an Order (ECF No. 195) that extended Defendant's time to respond to Plaintiffs' Motion to May 15, 2020. On May 15, 2020, Defendant filed their Response (ECF No. 200) to the Plaintiffs' Motion.

## II. CONTENTIONS OF THE PARTIES

### A. Plaintiffs' Amended Motion to Compel (ECF No. 179)

Plaintiffs make the following three requests in their Amended Motion to Compel (ECF No. 179): (1) "[t]he unredacted leases **which meet the Class definition** set forth in the Court's March 23, 2020 class certification order (Doc. 152)"; (2) [d]ocuments/data reflecting the name and last known address for each member of the certified class; and (3) "[a]ll royalty accounting data in Antero's computer database that reflects Antero's calculation of royalties paid to each member of the certified Class, including but not limited to the electronic data which shows the selling price of residue gas and natural gas liquid products sold by Antero or its agents, the electronic data reflecting royalty payment calculations based upon the shrink value method for natural gas liquids, and the electronic data which shows all other post-production costs deducted by Antero in its calculation of royalties paid to the certified Class members." (ECF No. 179 at 1-2) (emphasis added).

### B. Defendant's Response

Defendant Antero responds to Plaintiffs' Motion (ECF No. 179) stating that the filing of the parties' Rule 26(f) meeting report on May 1, 2020 (ECF No. 186) memorializes Antero's

3

positions with respect to the documents at issue in Plaintiff's Motion. (ECF No. 200 at 5). With respect to unredacted leases, Defendant Antero provided the following response:

> 2. Defendant's Position: Defendant will produce unredacted Mutschelknaus Lease Form and Matthey Lease form leases and related ratifications, modifications, and amendments for remaining leases corresponding to documents previously produced and unredacted Mutschelknaus Lease Form leases and related ratifications, modifications, and amendments for wells recently placed into pay by May 15, 2020.

(ECF No. 200 at 5) (ECF No. 186 at 2). As to the list of class members and their last known addresses, Defendant Antero provided that it "will produce a list of names and last known addresses for remaining payees listed on the summary royalty reports by May 15, 2020." Id.

Following the Court's denial of Defendant Antero's motion for clarification of the class definition (ECF No. 195), Defendant Antero was required to produce supplemental documents. The Court "directed the parties to meet and confer by May 26, 2020, to agree on a deadline for Antero to identify former owners and to produce additional leases and current and former payees for additional leases that were not previously produced in discovery." (ECF No. 200 at 6-7). Defendant Antero served its Second Supplemental Response to Plaintiffs' First Requests for Production of Documents on May 15, 2020. (Footnote 2 of Defendant's Response (ECF No. 200 at 7) details at length Defendant Antero's compliance with their duty to supplement discovery by May 15, 2020. Defendant Antero detailed as follows:

> Antero's production included a list of names and last known addresses for remaining payees listed on the summary royalty reports previously produced in Phase 1 discovery and payees for Mutschelknaus/Matthey Lease From leases that commenced payment after November 30, 2018 through April 30, 2020. Antero also produced unredacted Mutschelknaus/Matthey Lease From leases and related ratifications, modifications, and amendments for remaining leases corresponding to documents previously produced in Phase I discovery or otherwise identified under cover letters dated November 20, 2019, December 30, 2019, and February 3, 2020.  Antero did not produce leases that had previously been removed from the class or that otherwise do not meet the class definition, including protection leases, leases for which the only payee is a working interest owner in an Antero well, leases

4

>for which all payees have no deductions (see ECF No. 152 at 43), leases removed by Plaintiffs (see ECF Nos. 101-2, 169-1 at 2–8, 169-22 at 2), and leases for which all owners do not comport with the class definition as they are not persons and entities "to whom Antero has paid royalties" (see ECF No. 152 at 42). Antero also did not produce Lease modifications excluded from class by the Court for "any person involved in related litigation, pursuing the same claim, against the same defendant, based on the same facts and circumstances" (see ECF No. 152 at 43). Likewise, Antero did not produce the names and addresses of owners who previously had been removed from the class or that otherwise do not meet the class definition, including payees previously removed by Antero, payees with similar litigation, payees with no deductions, payees associated with leases removed from class by Plaintiffs, and owners to whom Antero has not paid royalties.

(ECF No. 200 at 7). Accordingly, Defendant argues that these supplemental disclosures "moot Plaintiffs' renewed motion to compel in part. (*See* ECF No. 196 (setting a May 15, 2020 deadline for the production of known leases that meet the class definition, a May 26, 2020 deadline to meet and confer regarding former payees, additional leases, and current and former payees for additional leases, and a June 26, 2020 deadline for royalty accounting data))" Id.

### C. Plaintiffs' Reply

In their Reply (ECF No. 201), Plaintiffs again ask the Court to compel Defendant Antero to "produce the 130 leases which contain either the Mutschelknaus or Mathey natural gas royalty provision, and which Antero previously produced in redacted form." (ECF No. 201 at 2). Plaintiffs argue that Defendant Antero is improperly refusing to produce unredacted leases as well as names and addresses of class members and lessors under leases with the Mutschenlknaus or Mathey natural gas royalty provision due to Antero's determination that these "130 leases purportedly do not meet the Class definition." Id. at 2-6. Further, Plaintiff asks Defendant Antero to produce "all other leases which contain either the Mutschelknaus or Mathey natural gas royalty provision . . . without any exception." Id. at 4-5. In support, Plaintiff argues that these leases as well as names and addresses of lessors under any lease which has a Mutschelknaus or Mathey natural gas royalty provision is necessary for Plaintiffs' Counsel to mail the Notice of class certification to all persons

5

who appear to be members of the certified Class. Id. at 5. Plaintiff argues that Defendant Antero's assertion of the alleged existence of a class definition exclusion is unsupported and unsubstantiated by evidence. Id. Plaintiffs further argues that a class notice list should be overinclusive rather than underinclusive as noted by the case law cited by Plaintiffs. Id. at 4.

### III.     APPLICABLE LAW

Federal Rule of Civil Procedure 26 states: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Significantly, "relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.

Requests for Production and responses thereto are governed by Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 34 states in relevant part: "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Further, [a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

When a party deems responses to interrogatories and requests for production insufficient or improper, a party may file a Motion to Compel under Federal Rule of Civil Procedure 37(a)(2)(B). Fed. R. Civ. P. 37(a)(2)(B) provides, in pertinent part, that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." The party opposing the motion to compel bears the burden of proving why the motion should not

be granted. Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D.W. Va. 1970). Pursuant to Local Rule of Civil Procedure 37.02(b) a motion to compel or other motion in aid of discovery is deemed waived if it is not filed within thirty (30) days after the discovery response or disclosure requirement sought was due.

## IV.   ORDER

### A. Plaintiffs' Request for Unredacted Leases and a List of Class Members

At the Motion Hearing held before the undersigned on May 28, 2020 (ECF No. 209), the parties made several statements clarifying their arguments and the scope of the issues before the Court. Counsel for Defendant Antero, Hank Lawrence, Esq., stated that Defendant had produced a total of 394 leases in discovery. (ECF No. 212 at 14-15) (*See* ECF No. 201-6, Ex. 2 to Plaintiffs' Reply). Among the 394 total leases, Defendant Antero has produced 283 leases in unredacted form that "meet the Class definition" on May 15, 2020. (ECF No. 212 at 15).

However, there are an additional 111 leases that have been produced in redacted form, in which redactions were made of the "actual lessor name, the mineral owner's name, and then the recording information, to the extent leases were recorded." (ECF No. 212 at 25). In their production of the 394 leases, Defendant Antero included a status or category for the 111 that were produced redacted to identify for the Plaintiffs the specific reasons why Defendant Antero contends these 111 leases are excluded from or do not meet the Class definition as set forth by District Judge Keeley. (*See* ECF No. 201-6, Ex. 2 to Plaintiffs' Reply). Defendant further asserted that by Order of the Court (ECF No. 208), Defendant Antero needed to review its leases to determine if there were any additional leases that met the Class definition and directed the parties to meet and confer and decide when any addition Class payees would be identified. Counsel

7

represented that the parties agreed that any additional leases or payees would be identified by June 26, 2020. (ECF No. 212 at 23-24).

Counsel for the Plaintiffs, George Barton, Esq., argued that "Antero is trying to arbitrarily restrict . . . producing leases that, on their face, have either the Matthey or the Mutschelknaus natural gas royalty provision, under the premise that, allegedly, those leases meet on or more of the Class exclusions that are set forth in the Court's Class Certification Order." (ECF No. 212 at 34). However, Counsel for the Plaintiffs argued that there is no evidence to support Defendant's assertion. Id. Plaintiffs' Counsel further argued that the "lessor names on the leases are critically important because it allows" Plaintiffs' Counsel "to properly investigate and make sure that all persons under those leases have been included as part of the Class." Id. at 37.

However, Defendant argues that all of the Antero leases produced each have unique payee numbers. Defendant contends "all of the accounting data and the lease data is driven by payee numbers" and therefore, Plaintiffs' Counsel has the ability to "cross-reference the lease, and the wells, and the Class members by payee number." (ECF No. 212 at 41). Accordingly, Defendant argues that the redacted leases asserted to not meet the Class definition by the Defendant, contain sufficient information based upon payee numbers for Plaintiffs to make their own independent determination and argument as to whether those payees meet the Class definition. Id. Defendant further submits that Antero's witness involved with examining the leases can submit an affidavit authenticating the reasons why the 111 redacted leases do not meet the Class definition in their view. Further, Defendant submits this same individual could be deposed and questioned by Plaintiffs' Counsel to verify how that determination was reached and Plaintiffs' Counsel is in possession of sufficient information in the leases to make such an inquiry. (ECF No. 212 at 26).

8

The undersigned agrees. Defendant has complied with their discovery obligations and produced all necessary leases. Defendant has meticulously set forth which leases they believe meets the Class definition as set forth by District Judge Keeley (ECF No. 152) and has listed specific reasons as to why the remaining 111 leases at dispute continue to be redacted and do not meet the Court's Class definition or fall under one of the Court's listed exclusions to the Class definition. (*See* ECF No. 201-6, Ex. 2 to Plaintiffs' Reply). The redacted leases each contain a unique payee number and Plaintiffs' Counsel has sufficient information to cross-reference the payee numbers with the provided royalty accounting data to make their own independent determination as to whether or not there is an argument that these leases in fact meet the Class definition. Plaintiff has not set forth any persuasive argument as to why Plaintiff requires the names, addresses, or the leases in unredacted form to make the required determination regarding the Class definition at this time.

Plaintiffs shall have the opportunity to question Defendant's witness with regard to these disputed leases and form an argument as to why these leases should be made part of the certified Class and may raise the issue before the Court at a later date. Accordingly, for these reasons, Plaintiffs' Amended Motion to Compel (ECF No. 179) is **DENIED** with respect to Plaintiffs' request for unredacted leases and a list of Class members.

The undersigned **DIRECTS** Defendant Antero to have their witness with knowledge of how these determinations that the 111 leases at dispute do not meet the Class definition or fall under a specific exclusion were made, to submit an Affidavit detailing and verifying these determinations. Further, said witness **must** be made available to Plaintiffs for deposition and questioning regarding the same. The undersigned **DIRECTS** Defendant to submit said Affidavit to Plaintiffs' Counsel **on or before June 26, 2020**.

B. **Plaintiffs' Request for Royalty Accounting Data**

At a follow-up Status Conference held before the undersigned on June 10, 2020, the parties set forth on the record that they had reached an agreement resolving the dispute as to Plaintiffs' request for royalty accounting data. Accordingly, Plaintiffs' Amended Motion to Compel (ECF No. 179) is **DENIED AS MOOT** with regard to Plaintiffs' request for royalty accounting data.

**It is so ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: June 11, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE