IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKLIN ROMEO,
Individually and on behalf
of others similarly situated;
SUSAN S. RINE,
Individually and on behalf
of others similarly situated;
DEBRA SNYDER MILLER,
Individually and on behalf
of others similarly situated,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 1:17CV88
                                      (Judge Keeley)

ANTERO RESOURCES CORP.,

        Defendant.

MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]

In this breach of contract class action, the plaintiffs, Jacklin Romeo ("Romeo"), Susan S. Rine ("Rine"), and Debra Snyder Miller ("Miller") (collectively, "the Plaintiffs"), individually and on behalf of others similarly situated, allege that the defendant, Antero Resources Corporation ("Antero"), breached its obligations under the royalty provisions of two types of lease agreements by improperly deducting post-production costs and failing to pay royalties based upon the price received at the point of sale (Dkt. No. 31).

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

Pending is the Plaintiffs' motion to approve sending the Class Notice to additional class members (Dkt. No. 342). For the reasons discussed, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion.

## I.    BACKGROUND

### A.    Factual Background

Each of the Plaintiffs alleges ownership of an oil and gas interest in Harrison County, West Virginia, subject to an existing oil and gas lease under which the lessee's interest has been assigned to Antero (Dkt. No. 31 at 2).

Romeo is the assignee of a portion of the lessors' interest under a March 14, 1984 lease agreement between lessors Jessie J. Nixon, Betty Nixon, Mary Alice Vincent, and Hubert L. Vincent, and lessee Clarence W. Mutschelknaus ("the Mutschelknaus Lease"). Id. at 6. Antero acquired the lessee's rights and obligations sometime prior to January 1, 2009. The royalty provision of the Mutschelknaus Lease contains the following language:

> In consideration of the premises, the said [Lessee] covenants and agrees: First, to deliver monthly to the credit of the Lessors, their heirs or assigns, free of costs, in a pipeline, to which Lessee may connect its wells, Lessors' proportionate share of the equal one-eighth (1/8) part of all oil produced and saved from the leased premises; and second, to pay monthly Lessor's proportionate share of the one-eighth (1/8) of the value at the well of the gas from each and every gas well

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

> drilled on said premises, the product from which is marketed and used off the premises, said gas to be measured at a meter set on the farm, and to pay monthly Lessors' proportionate share of the one-eighth (1/8) of the net value at the factory of the gasoline and other gasoline products manufactured from casinghead gas.

Id.

Rine and Miller are assignees of portions of the lessors' interest under an October 19, 1979 lease between lessors Lee H. Snyder, and Olive W. Snyder, and lessee Robert L. Matthey, Jr. ("the Matthey Lease"). Id. at 6-7. Antero was assigned the lessee's interest sometime prior to July 17, 2012. Id. at 7-8. The royalty provision of the Matthey Lease contains the following language:

> (a) Lessee covenants and agrees to deliver to the credit of the Lessor, his heirs or assigns, free of cost, in the pipe line to which said Lessee may connect its wells, a royalty of one-eighth (1/8) of native oil produced and saved from the leased premises.

> (b) Lessee covenants and agrees to pay Lessor as royalty for the native gas from each and every well drilled on said premises producing native gas, an amount equal to one-eighth (1/8) of the gross proceeds received from the sale of the same at the prevailing price for gas sold at the well, for all native gas saved and marketed from the said premises, payable quarterly.

Id. at 8-9.

On May 15, 2017, the Plaintiffs filed a class action complaint asserting a breach of contract claim related to Antero's alleged

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

failure to pay them a full 1/8th royalty payment for their natural gas interests. Gas produced under the leases at issue (the "Class Leases") consists of "wet gas" (saturated with liquid hydrocarbons and water) that may be processed to obtain marketable "residue gas." This wet gas also contains valuable liquid hydrocarbon components (ethane, butane, isobutane, propane, and natural gas) ("NGLs") that may be extracted and fractionated prior to sale.

The Plaintiffs contend that, because neither of the Class Leases royalty provisions expressly permits post-production deductions, West Virginia law imposes a duty upon Antero to calculate royalties based on the price it receives from third parties for the residue gas and NGLs without deductions. They assert that despite this duty Antero has deducted various post-production costs for residue gas and NGLs from their royalties.

**B.    Relevant Procedural History**

After Antero produced 394 redacted leases that potentially met the Class definition, the Plaintiffs moved to certify this case as a class action (Dkt. Nos. 100, 212 at 14-15). To establish that their proposed class met the numerosity requirement of Federal Rule of Civil Procedure 23, they attached a list of 268 leases

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

meeting the Class definition ("the Plaintiffs' lease schedule")

(Dkt. No. 101-2).

On March 23, 2020, pursuant to Federal Rule of Civil Procedure

23(b)(3), the Court entered a Class Certification Order, which

defined the following Class:

> Persons and entities, including their respective
> successors and assigns, to whom Antero has paid
> royalties ("Royalties") on Natural Gas, including
> natural gas liquids, produced by Antero from wells
> located in West Virginia at any time since January 1,
> 2009, pursuant to Leases which contain either of the
> following gas royalty provisions: (a) [Lessee] covenants
> and agrees "to pay monthly Lessors' proportionate share
> of the one-eighth (1/8) of the value at the well of the
> gas from each and every gas well drilled on said
> premises, the product from which is marketed and used
> off the premises, said gas to be measured at a meter set
> on the farm"; or (b) "Lessee covenants and agrees to pay
> Lessor as royalty for the native gas from each and every
> well drilled on said premised producing native gas, as
> amount equal to one-eighth (1/8) of the gross proceeds
> received from the sale of the same at the prevailing
> price for gas sold at the well, for all native gas saved
> and marketed from the said premises, payable quarterly."
>
> The Class excludes: (1) agencies, departments, or
> instrumentalities of the United State of America; (2)
> publicly traded oil and gas exploration companies; (3)
> any person who is or has been a working interest owner
> in a well produced by Antero in West Virginia; and (4)
> Antero.

(Dkt. No. 152 at 42-43).

ROMEO, ET. AL V. ANTERO                                    1:17CV88

## MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]

On April 1, 2020, the Plaintiffs moved to compel Antero to produce any lease meeting the Class definition (Dkt. No. 155). Based on Antero's interlocutory appeal of its Class Certification Order, however, the Court denied the Plaintiffs' motion without prejudice (Dkt. No. 170). After the Fourth Circuit denied its appeal, Antero moved to amend the Class Certification Order, which the Court denied (Dkt. Nos. 171; 173; 176-1; 195).

Antero subsequently reviewed the 394 leases it had previously produced, determined that 283 of those leases met the Class definition and, on May 15, 2020, provided unredacted copies of those leases to the Plaintiffs (Dkt. Nos. 212 at 15; 342-1 at 1-2). But it excluded from its production the remaining 111 lease which, in its view, did not satisfy the Class definition or were otherwise removed from the Class (Dkt. No. 342-1 at 2).

The Plaintiffs renewed their motion to compel Antero to produce any lease meeting the Class definition (Dkt. No. 179). Upon referral, Magistrate Judge Aloi denied the Plaintiffs' motion, but ordered Antero to submit an affidavit from a witness with knowledge outlining the reasons why the disputed leases were

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

not part of the Class. He also ordered Antero to make that witness available for a deposition (Dkt. No. 215 at 9).[1]

On June 26, 2020, Antero produced an additional 165 leases meeting the Class definition but still did not include any of the 111 disputed leases. Id. Following approval of the Class Notice and the Class Notice administrator, the Class Notice administrator mailed that notice to 1,047 Class Members on July 30, 2020 (Dkt. No. 233-1 at 1-2).

On August 28, 2020, the Plaintiffs filed a second motion to compel (Dkt. No. 251), seeking information related to the 111 excluded leases in the following categories: (1) the "Removed" leases which the Plaintiffs did not include in the lease schedule attached to their class certification motion; (2) the "No Payee" leases for which Antero has been unable to identify a proper royalty payee; and (3) the "No Payment" leases involving 143 payees to whom Antero has made no payment (Dkt. No. 288 at 6). Magistrate Judge Aloi granted part of this motion and ordered Antero to

---

[1] After Antero provided the Affidavit of Alvyn Schopp ("Schopp"), its Chief Administrative Officer and Regional Senior Vice President, the Plaintiffs deposed him on July 30, 2020 (Dkt. No. 251 at 6).

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

produce unredacted copies of all 111 disputed leases (Dkt. No. 288 at 11-12).

## II.  DISCUSSION

The Plaintiffs now seek an order declaring that the 111 leases identified as the Removed leases, the No Payee leases, and the No Payment leases are part of the Class (Dkt. No. 342 at 1). They also seek authorization to send the Class Notice to the 3 payees that receive royalties under the Removed leases and the 175 payees associated with the No Payee and the No Payment leases. Id. at 2.

Antero contends the Plaintiffs are impermissibly attempting to redefine the Class (Dkt. No. 345). It asserts that royalty payees under the Removed leases are not Class Members because the Plaintiffs themselves omitted those leases from the schedule attached to their motion for class certification. Id. at 1, 13-14. It also asserts that, because Antero holds their interests in suspense, the royalty payees under the No Payee or No Payment leases are not Class Members "to whom Antero has paid royalties." Id. at 1, 8-12.

## A.  Applicable Law

Federal Rule of Civil Procedure 23 provides that, after determining that a class should be certified, the court must, by

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

order, "define the class and the class claims, issues, or defenses." Fed. R. Civ. Pro. 23(c)(1)(A)-(B). However, the court may alter or amend the class certification order before final judgment. Fed. R. Civ. Pro. 23(c)(1)(C). The court also retains discretion to issue orders to "giv[e] appropriate notice to some or all class members . . . of their opportunity to come into the action" or "deal with similar procedural matters." Fed. R. Civ. Pro. 23(d)(1).

The Court issued its Class Certification Order on March 23, 2020 (Dkt. No. 152). The Plaintiffs now seek "an Order finding that certain categories of royalty owner payees excluded by . . . Antero . . . should be found to be included in the Class and receive the class certification notice" (Dkt. No. 248 at 1). They contend that, pursuant to Rule 23(d), the Court retains discretion to clarify the Class definition on this point (Dkt. No. 342 at 8 (citing NEWBERG ON CLASS ACTIONS § 7:28)). Antero, on the other hand, contends the Plaintiffs are really seeking to expand the Class definition, which would require a wholesale reanalysis of the class action prerequisites in Rule 23(a) (Dkt. No. 345 at 7).

To resolve this dispute, the Court first must determine whether the Plaintiffs actually seek to expand the Class

ROMEO, ET. AL V. ANTERO                                         1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

definition. The Plaintiffs claim they seek only to clarify whether the payees entitled to receive royalties under the three (3) categories of leases at issue are Class Members who must receive the Class Notice. Specifically, they seek (1) a determination that the Removed leases are included in the Class, and (2) a resolution of the parties' conflicting interpretations of the phrase "to whom Antero has paid royalties."

The record reflects that the parties have always anticipated additional Class Members might be identified and that a supplemental Class Notice may be necessary (Dkt. No. 234 at 26-32). Indeed, on July 9, 2020, they agreed to send an initial Class Notice to then-identified Class Members and to supplement that notice if they identified additional Class Members. Id. In light of that, the Court requested that they advise it of any need for a subsequent mailing. Id. at 32. That is precisely what the Plaintiffs have now done.

After considering the parties' arguments, the Court is convinced the Plaintiffs seek only to clarify the Class definition, and consequently turns its attention to determining whether the three (3) disputed categories of leases and their royalty payees fall within the scope of that definition. If they do, the Court

10

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

may enter an Order giving the Class Members "appropriate notice . . . of their opportunity to come into the action." Fed. R. Civ. Pro. 23(d)(1).

**B.    Removed leases**

It is undisputed that the Removed leases contain one of the Class Lease royalty provisions. But because the Plaintiffs did not include these leases on the schedule supporting their class certification motion, Antero claims they are beyond the Court's consideration (Dkt. No. 345 at 13). The Court disagrees.

At the May 11, 2020 hearing on Antero's motion to amend the Class Certification Order, Antero sought to limit the scope of the Class to those leases previously disclosed (Dkt. No. 198 at 20). The Plaintiffs opposed any such limitation, arguing that the Class must include "all of the leases that have the [Class Lease royalty provisions], so that there can be complete relief to persons who are paid under th[ose] royalty provision[s]." Id. at 25. The Court agreed, stating:

> The class definition, as certified, does not mention any particular lease by name, but it talks only about the language in the lease . . . Antero has to produce leases that contain the lease language of either [Class Lease royalty provision] . . . I understand why [Antero is] concerned about an expansion beyond the original number

ROMEO, ET. AL V. ANTERO                                          1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

of leases, but it has to include the leases that have either [Class Lease royalty provision].

Id. at 27.

Thus, the Class definition is not limited solely to either the leases produced by Antero in class certification discovery or those included by the Plaintiffs on their lease schedule, but also includes any lease containing either of the Class Lease royalty provisions. Because the payees under the Removed leases have received royalties from Antero since January 1, 2009 pursuant to leases containing the Class Lease royalty provisions, they are Class Members.

Antero's next argument, that the Plaintiffs have judicially admitted that the Removed leases are "outside of the scope of the class definition," is unavailing (Dkt. No. 345 at 14). A "judicial admission" is a representation that "unless allowed by the court to be withdrawn, is conclusive in the case." Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004) (citing Keller v. United States, 58 F.3d 1194, 1199 n. 8 (7th Cir. 1995)). To qualify as a judicial admission, an attorney's statement must be "deliberate, clear and unambiguous." Meyer, 372 F.3d at 265 (citing MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997)).

ROMEO, ET. AL V. ANTERO                                        1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

According to Antero, the Plaintiffs admitted that the Removed leases are not part of the Class when they omitted them from their lease schedule and stated the following in support of their motion for class certification:

> Attached as Exhibit 3] is a list of 368 Leases which meet the above-referenced Class definition.[1]
> . . .
>
> [FN 1] – [Plaintiffs' lease schedule] does not include certain leases which have been produced by Antero in this litigation, but which, due to the gas royalty provision itself, a modification of the royalty provision, or an addendum to the royalty provision, are outside the scope of the Class definition. All but one of the Leases identified in Exhibit 3 is a Lease produced by Antero in this litigation. If Plaintiffs' attorneys discover additional Leases which meet the Class definition, the list of Class Leases will be supplemented.

(Dkt. No. 100-1 at 3 n.1).

This statement, however, does not deliberately, clearly, or unambiguously state that any lease containing the Class Lease royalty provisions produced prior to the Class being certified[2] but not included on the Plaintiffs' lease schedule is excluded from the Class. Notably, the Plaintiffs specifically reserved the

---

[2]  The Plaintiffs assert that the Removed leases were not included in their lease schedule because Antero did not produce them until the day they moved for class certification, at the earliest (Dkt. No. 348 at 4-5).

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

right to supplement their list of leases meeting the Class definition. Furthermore, they did not intend that lease schedule to be an exhaustive list of leases meeting the Class definition, but rather as evidence that their proposed class met the numerosity requirement of Rule 23(a).[3] Thus, in the Court's opinion, the omission of these leases from the Plaintiffs' lease schedule does not constitute a judicial admission that they do not meet the Class definition.

Because each of the Removed leases contains one of the Class Lease royalty provisions and the Plaintiffs are not barred from arguing that they are part of the Class, the Court concludes that these leases meet the Class definition and that the corresponding royalty payees are Class Members.

**C.   No Payee and No Payment Leases**

It is also undisputed that the No Payee and No Payment leases contain one of the Class Lease royalty provisions and that Antero calculates royalties owed under those leases in the same manner as it calculates royalties owed under the Class Leases. Whether these leases are part of the Class therefore depends on the impact, if

---

[3] As a prerequisite to class certification, Federal Rule of Civil Procedure 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable."

ROMEO, ET. AL V. ANTERO                                              1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

any, of Antero's use of suspense accounts to hold payments rather than transfer royalties directly to a payee. The Plaintiffs contend that, regardless of Antero's use of suspense accounts, the 40 No Payee leases and an unknown number of No Payment leases[4] impacting 143 royalty payees are part of the Class. Conversely, Antero argues that including these leases within the scope of the Class definition would render the Class unascertainable. It also asserts that these leases do not meet the Class definition because payees under these leases have not received a payment from Antero.

The Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" EQT Prod. Co. v. Adair, 764 F.3d 347, 358 (4th Cir. 2014) (citations omitted). This has regularly been described as an "ascertainability requirement." Id.

> However phrased, the requirement is the same. A class cannot be certified unless a court can readily identify the class members in reference to objective criteria . . . The plaintiffs need not be able to identify every class member at the time of certification. But if class members are impossible to identify without extensive and individualized fact-finding or mini-trials, then a class action is inappropriate.

---

[4] The number of No Payment leases is uncertain because, although Antero identified 143 payees that have not been paid, there may be more than one payee per lease.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

Id. (cleaned up) (citations omitted).

At bottom, then, even if Antero may readily identify the No Payee and No Payment leases and accounts from its recordkeeping, it cannot as easily identify the proper owners of the funds held in suspense. Indeed, it holds funds in suspense for "various reasons, including but not limited to instances in which tittle issues cast doubt on a person's or entity's right to royalties or an owner cannot be found or identified" (Dkt. No. 345 at 11).[5] Because ownership of these accounts is disputed or unknown, discovery of the proper owner's identity may require extensive individualized inquiry. Therefore, it appears that the implicit ascertainability requirement of Rule 23 would not be satisfied if the No Payee and No Payment leases were included in the Class.

And even if these Class Members could readily be identified, the No Payee and No Payment leases do not meet the Class definition of "[p]ersons and entities, including their respective successors and assigns, to whom Antero has paid royalties . . . at any time since January 1, 2009, pursuant to Leases which contain either of

---

[5] The Plaintiffs agree that suspense accounts are used in the oil and gas industry when royalty ownership is in question or the payor is unable to disburse proceeds to the proper owner at that time (Dkt. No. 342 at 11-12).

ROMEO, ET. AL V. ANTERO                                              1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

the [Class Lease royalty provisions]." The Plaintiffs assert that these leases meet the Class definition because Antero has identified the proper payees by unique payee numbers and has calculated the amount of royalties owed to each (Dkt. No. 342 at 11). And to the extent Antero has improperly deducted post-production costs from these royalties, the Plaintiffs further contend the proper owners are entitled to the same damages sought by the Class. Id.

Antero, however, does not pay royalties generated under the No Payee or No Payment leases to a payee or to a bank account for the proper owner's benefit (Dkt. No. 345 at 10).[6] Therefore, payees entitled to receive royalties under the No Payee or No Payment leases cannot be Class Members because Antero has not issued any funds to them; consequently, they are not persons "to whom Antero has paid royalties."

---

[6] The Plaintiffs insist that, when Antero places funds in suspense, it deposits these funds into individual bank accounts for the proper owner (Dkt. No. 342 at 11-12). Antero has refuted this, stating that a suspense account is only a bookkeeping mechanism by which funds are earmarked for a specific purpose but never actually deposited into a separate bank account and that, even if it did deposit suspended funds into separate accounts, the payees still have never received any payment from Antero (Dkt. No. 345 at 11).

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

The Plaintiffs' reliance on Antero's summary royalty reports to establish that Antero has in fact paid royalties to payees associated with the No Payee and No Payment leases is misplaced. When Antero previously produced reports listing its leases "in pay status" as of November 2018, as well as the amount of royalties calculated for production under each lease, it included the No Payee and No Payment leases with assigned unique payee numbers (Dkt. No. 348 at 7-9). According to the Plaintiffs, because Antero included the No Payee and No Payment leases on its summary royalty report, it must have paid royalties to the corresponding payees in November 2018. Id. But Antero's Rule 30(b)(6) witness, Alvyn Schopp, refuted this contention explaining why Antero's inclusion of the No Payee and No Payment leases on its summary royalty reports does not support an inference that Antero issued funds to any payee under these leases.

> Although payee numbers for the royalty owners associated with [the No Payee and No Payment] leases previously appeared on a [Summary Royalty Report] produced by Antero during [class certification] discovery, in compiling the data for the current certified class member list and current certified class lease lists, Antero subsequently determined that these royalty owners were in suspense and have not received payments pursuant to class leases and, therefore, these royalty owners were not persons or entities "to whom Antero has paid royalties."

ROMEO, ET. AL V. ANTERO                                          1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

(Dkt. No. 345 at 10-11).

Nor does the Plaintiffs' reliance on Kay Company, LLC v. EQT Production Company, 2017 WL 10436074 at *8 (N.D.W. Va. Sept. 6, 2017), and Elna Sefcovic, LLC, et al. v. TEP Rocky Mountain LLC, No. 17-cv-01990-MSK-MEH (D. Colo.), support their argument. The class defined in Kay included all "lessors that received or were due to be paid royalties." Kay, 2017 WL 10436074 at *1. The defendant contested the plaintiffs' ability to satisfy Rule 23's numerosity requirement, arguing that many leaseholders were not sufficiently identifiable "as illustrated by the fact that there [were] approximately 3,500 West Virginia lessors whose interests [were] being held in suspense." Kay, 2017 WL 10436074 at *8. The court found that the suspended interests did not pose an "insurmountable obstacle" to class certification because, should the litigation result in additional royalties being owed, "those payments [could be] added to whatever escrow accounts the defendants maintain for the present leases." Id.

But Kay addressed the propriety of certifying a class which included future payees, which is not an issue in this case. The class definition in Kay broadly included all "lessors that received or were due to be paid royalties," Kay, 2017 WL 10436074 at *1

19

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

(emphasis added). Consequently, it included royalty payees whose interests were held in suspense. The Class definition in this case is significantly narrower, including only persons "to whom Antero has paid royalties" (Dkt. No. 152 at 42-43 (emphasis added)). Nor have the Plaintiffs attempted to expand the Class definition to encompass future payees.

Elna is likewise distinguishable. There, the plaintiffs included "all persons and entities to whom [the defendant] has paid royalties." Significantly, however, when the parties reached a class-wide settlement they agreed to add as class members those royalty owners whose funds had been held in suspense.

The parties here have reached no such agreement, and the Class definition requires Class Members to have received at least one royalty payment from Antero since January 1, 2009. Antero therefore has established that, while certain payees may be entitled to receive royalties held in suspense under the No Payee and No Payment leases, they have not received any funds from Antero during the relevant time and, thus, are not part of the Class.

**D.   Class Certification Notice**

Because the Class in this case is certified under Rule 23(b)(3), "the court must direct to class members the best notice

20

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-**
**PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION**
**FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT**
**TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE**
**SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS**
**TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). This includes "individual notice to all members who can be identified through reasonable effort." Id.; see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (explaining that due process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out[.]'").

On July 9, 2020, the Court approved the Class Notice after finding that its content and form satisfied the requirements set forth in Rule 23(c)(2)(B)[7] (Dkt. Nos. 225; 233-1 at 1-2). Because the three (3) payees receiving royalties under the Removed leases are in fact Class Members, they must be notified of this litigation. In order to provide these Class Members with the best

---

[7] Rule 23(c)(2)(B) mandates that the class notice "clearly and concisely state, in plain, easily understood language" the following pieces of information:

　　(i) the nature of the action;
　　(ii) the definition of the class certified;
　　(iii) the class claims, issues, or defenses;
　　(iv) that a class member may enter an appearance through an attorney if the member so desires;
　　(v) that the court will exclude from the class any member who requests exclusion;
　　(vi) the time and manner for requesting exclusion; and
　　(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

notice practicable under the circumstances, the Court **ORDERS** as follows: (1) Antero **SHALL** disclose their names and last known addresses of the Removed Leases royalty payees to Rapazzini within five (5) days following entry of this Order; and (2) Rapazzini **SHALL** send the Class Notice to them in the manner prescribed in the Class Notice Plan within ten (10) days following Antero's disclosure. These Class Members who wish to request exclusion from the certified Class must do so in writing within thirty (30) days following the mailing of the Class Notice.

### III. CONCLUSION

For the reasons discussed, the Court:

- **GRANTS** the Plaintiffs' motion to send the Class Notice to the payees receiving royalties under the Removed leases (Dkt. No. 342);

- **DENIES** the Plaintiffs' motion to send the Class Notice to the payees related to the No Payee or No Payment leases (Dkt. No. 342);

- **ORDERS** Antero to produce the names and the last known addresses of the Plaintiffs Removed royalty payees within five (5) days following entry of this Order;

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

- **ORDERS** Rapazzini to send the Class Notice to the added Class Members in the manner prescribed under the Notice Plan within ten (10) days following receipt of their information from Antero;

- **SETS** the new deadline for these Class Members to request exclusion from the certified Class for thirty (30) days following the mailing of the Class Notice;

- **ORDERS** Class counsel to file a status report within three (3) days after Rapazzini mails the Class Notice to the additional Class Members, providing to the Court:

  o   the number of notices mailed, and

  o   the date of mailing; and

- **ORDERS** Class counsel to file a status report within three (3) days after the completion of the exclusion period, providing to the Court:

  o   the number of notices re-mailed;

  o   the number of Class Members who have requested to be excluded from the Class; and

  o   the number of Class Members remaining in the Class.

It is so **ORDERED.**

ROMEO, ET. AL V. ANTERO                                    1:17CV88

**MEMORANDUM OPINION AND ORDER GRANTING-IN-
PART AND DENYING-IN-PART THE PLAINTIFFS' MOTION
FOR AN ORDER APPROVING THE CLASS NOTICE TO BE SENT
TO ADDITIONAL CLASS MEMBERS, APPROVING THE NOTICE TO BE
SENT, AND SETTING A NEW DEADLINE FOR THOSE CLASS MEMBERS
TO REQUEST EXCLUSION FROM THE CERTIFIED CLASS [DKT. NO. 342]**

The Clerk **SHALL** transmit copies of this Memorandum Opinion

and Order to counsel of record.

DATED: June 16, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE