**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

JACKLIN ROMEO et al.,

      Plaintiffs,

  v.                                **CIVIL NO. 1:17-CV-88**
                                             **(KLEEH)**

ANTERO RESOURCES CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]

Pending is the *Class Members' Motion for Summary Judgment on Their Breach of Contract Claims* [ECF No. 439].  For the reasons discussed herein, the motion is **DENIED**.  For good cause, the *Class Members' Motion to Add Four Class Leases as Exhibits to Their Motion for Partial Summary Judgment on Their Breach of Contract Claims* is **DENIED AS MOOT** [ECF No. 471].

### I.   PROCEDURAL HISTORY

On October 2, 2017, the plaintiffs, Jacklin Romeo, Susan S. Rine, and Debra Snyder Miller, individually and on behalf of all others similarly situated (together, "Plaintiffs"), filed a second amended class action complaint, asserting one breach of contract claim against the Defendant, Antero Resources Corporation ("Antero").  See ECF No. 31.  On September 19, 2018, Antero filed an answer.  See ECF No. 39.  On March 23, 2020, this Court certified

**ROMEO V. ANTERO**                                                    **1:17-CV-88**

## MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]

the proposed class. See ECF No. 152. Specifically, the Court defined the class as follows:

> Persons and entities, including their respective successors and assigns, to whom Antero has paid royalties ("Royalties") on Natural Gas, including natural gas liquids, produced by Antero from wells located in West Virginia at any time since January 1, 2009, pursuant to Leases which contain either of the following gas royalty provisions: (a) [Lessee] covenants and agrees "to pay monthly Lessors' proportionate share of the one-eighth (1/8) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, said gas to be measured at a meter set on the farm"; or (b) "Lessee covenants and agrees to pay Lessor as royalty for the native gas from each and every well drilled on said premised producing native gas, as amount equal to one-eighth (1/8) of the gross proceeds received from the sale of the same at the prevailing price for gas sold at the well, for all native gas saved and marketed from the said premises, payable quarterly." The Class excludes: (1) agencies, departments, or instrumentalities of the United States of America; (2) publicly traded oil and gas exploration companies; (3) any person who is or has been a working interest owner in a well produced by Antero in West Virginia; and (4) Antero.

Id. at 42-43. The Court further excluded "any royalty interest owner who has never had their royalty payments reduced by Antero for their related share of post-production expenses" and "any person involved in related litigation, pursuing the same claim,

**MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS'
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]**

against the same defendant based on the same facts and circumstances." Id. at 43.

On June 11, 2025, the Supreme Court of Appeals of West Virginia answered certified questions. See Romeo v. Antero Res. Corp, 917 S.E.2d 26 (W. Va. June 11, 2025). After the parties could not agree on a schedule to govern the case moving forward, the Court entered a schedule on July 30, 2025. See ECF No. 436. Plaintiffs filed a motion for summary judgment with respect to their breach of contract claim. The motion is fully briefed and ripe for review.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The burden then shifts to the nonmoving party to present "specific facts showing that there is a genuine

**MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS'
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]**

issue for trial."  Blair v. Defender Servs., Inc., 386 F.3d 623, 625 (4th Cir. 2004) (citations omitted).

"When the moving party has carried its burden . . . , its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted).  Rather, the Court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).  At its core, the summary-judgment process examines whether a trial is needed.  See id. at 250.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

## III. DISCUSSION

Plaintiffs have moved for summary judgment on their breach of contract claim.  Under West Virginia law, "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages."  Birchfield v. Zen's Dev., LLC, 857 S.E.2d 422, 430 (W. Va. 2021) (citation

**MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS'
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]**

omitted).  In order to establish the third element of their breach of contract claim (that they suffered damages), Plaintiffs rely solely on their expert Don Phend's fifth supplemental report.  See Report, ECF No. 439-34.  Phend calculated a portion of the class members' royalty underpayments for December 2009 through February 2021.  He calculated the monthly amount of royalties that Antero should have paid to the class members if Antero had paid them royalties based upon the prices Antero (or its agent) received at the point of its sales of residue gas and natural gas liquids obtained from the class wells, and then subtracted the monetary amount of monthly royalties which Antero did pay to each Class member.

Antero opposes the motion, arguing first and foremost that under Rule 56(d) of the Federal Rules of Civil Procedure, the Court should not consider Phend's fifth supplemental report because Antero did not receive it until it was filed contemporaneously with Plaintiffs' summary judgment motion.  The Court agrees with Antero on this issue and need not address the remainder of Plaintiffs' motion or Antero's response.

Rule 56(d) provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

ROMEO V. ANTERO                                             1:17-CV-88

**MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS'**
**MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]**

(1)   defer considering the motion or deny it;

(2)   allow time to obtain affidavits or declarations or to take discovery; or

(3)   issue any other appropriate order.

Antero attaches a declaration from Kris Terry stating the following:

> I have not been given an opportunity to respond to and address Mr. Phend's Fifth Supplemental Report, and it was only provided contemporaneously with Plaintiffs' Motion for Partial Summary Judgment. Nor has Antero had the opportunity to cross-examine Mr. Phend on his Fifth Supplemental Report such that I could consider Mr. Phend's testimony regarding his underlying methodology and other steps taken to "adjust" his previous calculations.

Terry Decl., ECF No. 444-2, at ¶ 9. Given Antero's representations about the lack of opportunity to cross-examine Phend about the Fifth Supplemental Report or investigate the report prior to the motion's filing, the Court finds that granting summary judgment would be inappropriate under Rule 56(d). The Court, at this stage, cannot find that there is no genuine issue of material fact with respect to the existence of damages. Accordingly, Plaintiffs' summary judgment motion with respect to their breach of contract claim is **DENIED.**

ROMEO V. ANTERO                                                    1:17-CV-88

**MEMORANDUM OPINION AND ORDER DENYING CLASS MEMBERS'
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 439, 482]**

## IV.  CONCLUSION

For the reasons discussed above, the *Class Members' Motion for Summary Judgment on Their Breach of Contract Claims* [ECF No. 439] is **DENIED.**  Because the summary judgment motion on liability is denied, the *Class Members' Motion for Partial Summary Judgment Regarding the Principal Amount of Their Damages* [ECF No. 482] is also **DENIED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 31, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA